IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney A. Barner, #312151, | ) C/A No.: 1:09-3233-RBH-SVH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Cecilia Reynolds, Warden of Kershaw C.I., | ) |
| | ) |
| Respondent. | ) |

Petitioner Rodney A. Barner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #15, #16]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #17]. Petitioner filed a response in opposition to Respondent's motion. [Entry #23]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Factual Background

Petitioner was charged with the kidnapping of his ex-girlfriend, who sustained a fatal injury after exiting a moving vehicle in which she was riding with Petitioner. At trial, the victim's co-workers testified that she had permanently ended her relationship

with Petitioner; that Petitioner, seemingly intoxicated, unexpectedly appeared at the victim's place of work, dragged her away from co-workers, and thereafter drove off with her in a van. [*See* App. at 28–102].[1] The grandmother of the victim's children told the jury she had heard Petitioner threaten the victim's life the day before the incident; specifically, she testified that she overhead him telling her, "bitch, you dead, you need to kiss your kids goodbye." [App. at 129:24–25.] In addition, it was undisputed that the victim exited the van just in front of the police station and died as a result of injuries she sustained. [App. at 22–23]. A friend of Petitioner testified that, following the incident, when he asked Petitioner what happened, Petitioner stated that the victim jumped out of the van because she thought he was going to kill her. [App. at 241:9–11]. Petitioner claimed that the victim jumped out of the van because she was tired of an argument they were having. [App. at 367–69]. The State's theory was that the victim jumped from the van to escape her forcible confinement. [App. at 20–22; 424–25]. The State never contended that Petitioner actually pushed the victim out of the vehicle.

II.     Procedural Background

In May 2005, Petitioner was indicted in Horry County for kidnapping. In October 2005, Petitioner had a jury trial before the Honorable Steven H. John, in which he was

---

[1] Citations to "App." refer to the appendix in Petitioner's appeal of the denial of his application for postconviction relief to Supreme Court of South Carolina. That appendix is available at Entry #16-1 through #16-5.

represented by Russell B. Long, Esquire. Petitioner was convicted as charged, and Judge John sentenced him to 15 years imprisonment. [App. at 454].

Petitioner appealed from his conviction and sentence by filing a Notice of Intent to Appeal. The appeal was dismissed on July 6, 2006, and the Remittitur issued on July 24, 2006 for failure to timely file and serve the Initial Brief and Designation of Matter.

Petitioner filed a pro se application for Post-Conviction Relief ("PCR") on October 30, 2006, as amended in May 2007 and August 2007. An evidentiary hearing was held before the Honorable Benjamin H. Culbertson on January 22, 2008, at which Petitioner testified and was represented by Paul Archer, Esquire. By order dated March 24, 2008, Judge Culbertson denied PCR relief, but granted Petitioner leave to request belated direct review pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974).

Petitioner's Notice of Appeal pursuant to *White* was timely filed on April 2, 2008. Petitioner filed his Petition for Writ of Certiorari and his brief on December 19, 2008, in which he raised the following issues:

Issue One:   Did the PCR Judge correctly find that Barner did not knowingly and intelligently waive his right to direct appeal?

Issue Two:   During Barner's jury trial for a kidnapping charge alone, did the PCR judge err in refusing to find counsel ineffective for failing to object when the solicitor asked pathologist about the victim's manner of death and the pathologist testified that the death was homicide?

As to Issue One, the State filed a Return and agreed that the PCR court correctly granted a belated direct appeal. As to Issue Two, the State responded that the PCR court did not rule on this issue of ineffective assistance of counsel because it was not raised; therefore,

it was impossible for the appellate court to review any error, and that, in any event, the PCR court correctly denied relief.

The sole issue raised in the belated direct appeal was as follows:

> Did the trial judge err in refusing to grant a mistrial when the pathologist testified that the manner of death was homicide, testimony that was irrelevant and highly prejudicial to the kidnapping charge for which Petitioner was being tried?

[*See* Entry #16-10, Br. of Appellant, at 3].

On June 15, 2009, the South Carolina Supreme Court affirmed Petitioner's conviction and sentence in a two-page order. *Barner v. State*, Mem. Op. No. 2009-MO-028 (June 15, 2009). The court denied Petitioner's Writ of Certiorari as to Petitioner's Issue Two. As to Issue One, the court found Petitioner was entitled to a belated direct appeal, but found Petitioner's conviction and sentence should be affirmed. The Remittitur issued July 6, 2009. This habeas corpus petition followed.

III. Discussion

    A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

Ground One:    Ineffective assistance of trial counsel.

>  Supporting facts: Counsel's failure to investigate. Failure to cross-examine. Failure to request continuance to subpoena witnesses. Violated Appellant's Const. Amend 6, Const. Amend 14 Due Process right to effective assistance of counsel. Also failure to secure appeal.

Ground Two:       Due Process.

      Supporting facts: Appellant was denied due process of law when attorney failed to investigate. Failed to timely object and failed to move for continuance. Due process was violated by the misconduct of prosecutor and *Brady*[2] violation.

Ground Three:     Insufficient evidence to convict.

      Supporting facts: The State threw the only two witness and failed to prove kidnapping a forceful abduction kidnapping a forceful abduction, seize, confine, inveigle against he will, the State only proved the appellant walked up the victim's car- walked her back to his and helped her in(.) Their was no fight threat or intimidation proven.

    B.    Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents,

---

[2] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court "held that when a State suppresses evidence favorable to an accused that is material to guilt or to punishment, the State violates the defendant's right to due process, 'irrespective of the good faith or bad faith of the prosecution.' " *Cone v. Bell*, 129 S. Ct. 1769, 1772 (2009) (*citing Brady*).

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134

F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has

otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

      a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i) there is an absence of available State corrective process; or
> >
> >       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion

requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding

in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1

(1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985).

Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

    D.    Analysis

        1.    Procedurally-Barred Grounds

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

Respondents asserts that all of Petitioner's claims are procedurally barred. The undersigned agrees.

The only contested issue Petitioner raised on appeal from the denial of his PCR application was whether the PCR judge erred in refusing to find counsel ineffective for not objecting when the solicitor asked the pathologist about the victim's manner of death and the pathologist testified that the death was homicide. In this habeas petition, Petitioner's Grounds One and Two raise overlapping claims of ineffective assistance of trial counsel: Ground One alleges a failure to investigate, a failure to cross-examine, a failure to request a continuance, and a failure to appeal. Ground Two alleges Petitioner's due process rights were violated by counsel's failure to investigate, failure to object, and failure to move for a continuance. In Ground Two, Petitioner also alleged a *Brady* violation and prosecutorial misconduct. In Ground Three, Petitioner claims there was insufficient evidence to convict

him for kidnapping. Each of these claims is procedurally barred because Petitioner failed to properly raise them on his belated direct appeal or in his appeal from the denial of PCR.

### a. Grounds One and Two

In his PCR appeal, the only ground Petitioner raised was that his trial counsel was ineffective because he did not timely object to the solicitor's questioning of the pathologist regarding the victim's manner of death. Accordingly, the undersigned recommends a finding that his other non-appeal-related ineffective assistance of counsel claims be dismissed as procedurally barred, including (1) his claims under Ground One for failure to investigate, failure to cross-examine, and failure to request a continuance; (2) his claims under Ground Two for failure to investigate, failure to move for a continuance, prosecutorial misconduct and *Brady* violation; and (3) his claims under Ground Three for insufficiency of the evidence. *Coleman*, 501 U.S. at 744 (finding petitioner's failure to properly appeal issue to state appellate court results in procedural bar on habeas review); *Murray*, 477 U.S. at 488 (noting failure to appeal issue to state appellate court results in procedural bar on habeas review); *Matthews*, 105 F.3d at 911 (noting issues that were procedurally defaulted in state court cannot then be considered on habeas review).

The undersigned recommends that the allegation of Ground One that counsel was ineffective because he did not file an appeal be dismissed as moot. Petitioner received a belated appeal, so he obtained relief on that issue. There is no relief this court can grant Petitioner. This claim should be dismissed with prejudice.

The only remaining issue to be considered in Ground One is an issue that Petitioner included in his Amendment and Memorandum of Law in Support of Habeas Corpus, but did not include in his initial Petition—the claim that his trial counsel was ineffective in that he failed to make appropriate objection to the pathologist's testimony regarding "the cause of death of the victim." [Entry #1-1, p.1]. The court finds this issue was procedurally defaulted because it was neither raised nor ruled on by the PCR court, as discussed below as part of Ground Two. The undersigned recommends that summary judgment be granted as to each of the issues Petitioner raises in Ground One, as well as those issues in Ground Two that overlap with Ground-One issues.

### b. Ground Two

Petitioner's Ground Two also includes a claim that trial counsel was ineffective because he failed to timely object to the testimony of the pathologist regarding the victim's cause of death. [Entry #1-1 at p. 3]. Respondent argues that this issue was procedurally defaulted because the issue, as stated, differs from the narrow issue Petitioner raised on appeal from his PCR denial, which regarded trial counsel's failure to timely object to the solicitor's questioning of the pathologist regarding "the manner of death." Resp't Br. at 21–23.

The court agrees. Questions regarding the cause of death are different from questions regarding the manner of death. Petitioner's PCR appeal related to questions regarding the "manner" of the victim's death; he did not appeal regarding questions concerning the

"cause" of her death. Petitioner procedurally defaulted on this issue in state court, and the issue cannot be considered on federal habeas review.

Further, even if this additional issue is construed as one concerning counsel's failure to object to the solicitor's question concerning the *manner* of the victim's death, that challenge is procedurally barred as well because it was never presented to, or ruled on by, the Supreme Court of South Carolina. During the PCR hearing, Petitioner raised two separate issues regarding the trial testimony of the forensic pathologist: 1) that trial counsel should have objected to the pathologist testimony as a whole, because the case was a kidnapping case and not a homicide case [App. at 574:16–576:6]; and 2) that trial counsel should have cross-examined the pathologist after his motion for a mistrial was denied [App. at 576:6–577:11].

Petitioner's PCR counsel asked pointed questions on these issues and argued these two distinct issues in his summation. [*See* App. at 521:3–533:21; 574:14–577:11]. The PCR court's order denying Petitioner's application addressed and ruled on those two specific issues and found that trial counsel's asserted strategies concerning those issues were reasonable under the circumstances. [App. at 590–92]. Significantly, that Order of Dismissal did not include a ruling on the specific allegation of error Petitioner raises here.

Petitioner did not file a Rule 59(e) SCRCP Motion to Alter or Amend the Order to have the PCR specifically address the issue he raises here. Accordingly, Petitioner waived and abandoned this issue in state court. *Marlar v. State*, 653 S.E.2d at 267 (noting issues must be raised to and ruled on by the PCR judge to be preserved for appellate review or

petitioner waives those issues; failure to file Rule 59(e) motion to have PCR court address those issues in its order of dismissal results in waiver of issue on appeal). Therefore, Petitioner's challenge was procedurally defaulted in state court and cannot be considered on federal habeas review.

Petitioner also alleges that counsel was ineffective in failing to request a curative instruction after the pathologist testified to the cause of death. This issue was likewise procedurally defaulted in state court because Petitioner did not assert it on appeal from the denial of PCR.

In addition to the issues discussed above as having been procedurally defaulted, Petitioner's Ground Two also alleges that counsel was ineffective in failing to object to prosecutorial misconduct and a *Brady* violation. Without further explanation of the alleged prosecutorial misconduct Petitioner refers to, the court is unable to grant him relief. *United States v. Robinson*, 585 F.2d 274, 281 (7th Cir. 1978) ("It is simply impossible for a court to rule on an alleged *Brady* violation unless a defendant identifies with reasonable particularity the evidence to be considered."); *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error."). Without more than unsupported conclusory allegations, Petitioner's claim should be dismissed. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *overruled on other grounds Gray v. Netherland*, 518 U.S. 152, 165–66 (1996).

Therefore, the undersigned recommends that these claims under Grounds One and Two be dismissed with prejudice because they are procedurally barred from federal habeas review.

### c.     Ground Three

In Ground Three, Petitioner alleges there was insufficient the evidence to convict him of kidnapping. Petitioner did not raise the issue in his direct appeal. Petitioner's direct appeal only concerned trial court error in failing to grant a mistrial when the pathologist testified that the manner of death was homicide. Therefore, this direct appeal issue was also procedurally defaulted in state court.

### 2.     Review for Cause, Actual Prejudice, or Actual Innocence

To the extent that Grounds One, Two, and Three, as amended, were not fairly presented to the South Carolina appellate courts, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. at 87; *Matthews v. Evatt*, 105 F.3d 907; *Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a direct belated appeal, a

PCR hearing, and an appeal from the PCR in which to raise these issues and he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and actual prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *See Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence. The testimony showed that the victim had finally ended her relationship with Petitioner, but that Petitioner showed up to her workplace in a vehicle that he did not usually drive and took her away in it a day after evidence showed he had threatened her life. The victim exited the Petitioner's van in front of the police station and died.

In light of the evidence presented at trial, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars applies as to Grounds One, Two, and Three, as amended.

IV.    Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry #15] be granted.

IT IS SO RECOMMENDED.

January 21, 2011                                             Shiva V. Hodges
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**