IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Rodney A. Barner, | C/A No. 1:09-3233-RBH |
| Petitioner, | |
| vs. | **O R D E R** |
| Cecilia Reynolds, Warden of Kershaw C.I., | |
| Respondent. | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on December 17, 2009. He is incarcerated in the SCDC at Kershaw Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges, for pretrial handling. The matter is before this Court on the Report and Recommendation of Magistrate Judge Hodges, which was issued on January 21, 2011. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motion for summary judgment on the basis of procedural default. The petitioner filed objections to the Report on February 4, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed by

this court only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Determinations of factual issues by state courts are presumed correct and "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S.722 (1991).

### Petitioner's Objections

Petitioner states in his objections that "[t]he Petition despense with further briefing with exception to the following issues."

"I. Pursuant to White v. State

Did the trial judge err in refusing to grant a mistrial when the pathologist testified that the manner of death was a homicide testimony that was irrelevant and highly prejudicial to the kidnapping charge for which Barner was being charged?

II.  Petition for Writ of Certiorari

> I.  Did the PCR Judge find that Barner did not knowingly and intelligently waive his right to direct appeal?
> II.  During Barner's jury trial for a kidnapping charge alone did the PCR Judge err in refusing to find counsel ineffective for failing to object when the Solicitor asked the pathologist about the manner of death and the pathologist testified that the death was a homicide?"

(Docket Entry #27, pp. 7-8).

***Ineffective Assistance of Counsel***.  Petitioner's primary argument in his objections is that his trial counsel was ineffective in failing to object to a question by the Solicitor to the pathologist, Dr. Clay A. Nichols, about the **manner** of the victim's death, where the pathologist responded that the death was a homicide. Petitioner further asserts that this argument was not procedurally defaulted. This is a different (but somewhat related) argument from the one that the petitioner raised in his habeas petition, but the Court will consider it on *de novo* review.

The Court must first determine whether this issue was procedurally defaulted. In his PCR petition, Petitioner contended in his "Amended Issues" that "Dr. Clay A. Nichols statement that the manner of death was homicide the death was caused by someone else action was highly prejudicial and a mistrial should have been granted." (Appendix, p. 467). However, Petitioner did not contend that trial counsel should have objected to the Solicitor's question to the pathologist regarding the "manner" of death. In addition, the PCR order did not rule on this issue, and Petitioner did not file a Rule 59 motion as required by state law to preserve the issue for appeal.[1] Petitioner contends that the issue was raised in his petition for writ of certiorari and ruled on by the South Carolina Supreme Court. However,

---

[1] The PCR Order states: "Counsel's attention is further directed to *Marlar v. State*, 375 S.C. 407, 653 S.E. 2d 266 (2007), and Rule 59(e), SCRCP, regarding the filng of a Motion to Alter or Amend should counsel believe this Order fails to adequately address all issues raised as required by S.C. Code Ann. Section 17-27-80 (2003)." (Appendix, p. 593).

3

although the issue was raised before the Supreme Court, the issue was not preserved for appeal because of Petitioner's failure to file a Rule 59(e) motion. Therefore, the argument the petitioner now raises in his habeas action is procedurally defaulted. Furthermore, Petitioner has failed to show cause and actual prejudice or actual innocence. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In order to show "cause", a party must show an objective factor external to the defense which impeded the efforts by the defense to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). There is no evidence of such in this case. In addition, based upon the evidence presented at trial, Petitioner has not shown a miscarriage of justice or actual innocence.

Even if this issue is not considered to be procedurally barred, Petitioner has not shown that counsel's performance fell below an objective standard of reasonableness, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). The PCR Judge, in making his conclusions of law, stated:

> This Court finds that he adequately prepared for trial, investigated the facts, reviewed discovery, and thoroughly discussed with the Applicant, in advance, his version of the facts. They discussed the right to testify or not testify, and Applicant chose to testify in this case. Counsel's failure to object that the victim was "sober" was reasonable since the evidence suggested nothing to the contrary, and furthermore, that singular comment was not prejudicial to the defense where there was no evidence that her own intoxication caused her to exit the vehicle. In addition, counsel comprehensively cross-examined and impeached the State's witnesses, including John Thompson and Sadrik Jenkins. This Court also finds that counsel made and renewed directed verdict motions, as well as a motion for judgment notwithstanding the verdict, to preserve the issue of insufficient evidence for appeal. . .
> Finally, trial counsel asserted a reasonable strategy . . . for not moving to completely exclude the testimony of Dr. Nichols, even though this was not a murder trial, and counsel's decision to not request a specific curative instruction, after his mistrial motion was denied, was reasonable because he did not want to call attention to the testimony . . . Furthermore, counsel's decision not to cross-examine the doctor after the denial of the mistrial motion was reasonable trial strategy, under the circumstances . .

(App., pp. 590-591).

This Court finds that the state court decision was not "contrary to" or involving "an unreasonable application of" clearly established federal law or an unreasonable determination of the facts. Counsel's trial strategy in attempting not to call attention to the testimony of the pathologist was not deficient.

In addition, even if Petitioner has shown deficient representation by his attorney, he has not shown that such was so prejudicial to the petitioner that the outcome of the trial would have been different. Petitioner and his former girlfriend, the victim, had dated for some time, but broke off their relationship shortly before the incident in question. (App. p. 20-27). At trial, witnesses testified that Petitioner, seemingly intoxicated, unexpectedly appeared at the victim's place of work, dragged her away from co-workers, and thereafter drove off with her in a van. (App. p. 28-102). The victim exited the van as it passed the Myrtle Beach Police Department, and sustained mortal injuries. (App. p. 22-23). The grandmother of the victim's children testified that she overheard Petitioner threaten to kill the victim the day before the incident. (App. p. 129, lines 24-25). A friend of Petitioner testified that, following the incident, when he asked Petitioner what happened, Petitioner stated that the victim jumped out of the van because she thought he was going to kill her. (App. p.241, lines 9-11).

Petitioner testified that the victim jumped out of the van because she was tired of an argument they were having. (See App. p. 367-69). The State's theory was that the victim jumped from the van to escape her forcible confinement. (App. p. 20-22; p. 424-25). The State never contended that Petitioner actually pushed the victim out of the vehicle.

The forensic pathologist whose testimony is at issue was qualified as an expert witness at trial. (App. p. 285, lines 2-5). He testified that he was trained to determine "why the person died," in cases of "people who die of suspicious or unnatural deaths." (App. p. 285, lines 19-21). He testified that he

performed an autopsy upon the victim in this case, and he listed her various injuries. (App. p. 285, line 22 – p.289, line 8). He stated that the victim sustained a "hinge fracture," which is "incompatible with life." (App. p. 289, lines 1-5). The pathologist testified that it was his medical opinion that the victim's death was caused by a closed head injury she received as a result of a fall from an automobile. (App. p. 289, lines 9-15). There was nothing to preclude a pathologist from testifying even though the case did not involve a charge of murder.  Even assuming the testimony was somehow improper, Petitioner cannot show that the outcome of trial would have been different had counsel objected to the "manner of death" question, especially where Petitioner's own testimony at trial established the elements of kidnapping. (See App. p. 383, line 19 – p. 386, line 12). Therefore, Petitioner could not show that the outcome of trial would have been different had counsel objected to the "manner of death" testimony. For all of the above reasons, even had Petitioner preserved this issue for review, it has no merit. The state courts' denial of relief to the petitioner was not "contrary to" or involving "an unreasonable application of" clearly established federal law or an unreasonable determination of the facts.

***Right to Direct Appeal.*** Petitioner also asserts that the PCR issue of whether he waived his right to a direct appeal was not procedurally defaulted. However, this issue is moot, as the PCR judge granted him a belated direct appeal.

***Denial of Motion for Mistrial.*** Finally, Petitioner asserts in his objections that the trial judge erroneously refused to grant his attorney's motion for a mistrial on the basis of the pathologist's testimony. This argument was not raised in the petitioner's petition for habeas relief, except in regard to ineffective assistance of counsel. It was, however, raised on direct appeal. The South Carolina Supreme Court affirmed the conviction, noting that "where the trial judge denies a motion for mistrial

and the defendant refuses the offer for a curative instruction, the defendant waives the issue on appeal." The court will address this argument in reviewing this matter *de novo*.

Under South Carolina law, the grant of a motion for mistrial is an extreme measure that should be taken only where an incident occurring at trial is so harmful that the prejudicial effect can be removed in no other way. *See State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005). The trial judge is in the best position to evaluate the potential effect of testimony on the jury and must be given wide latitude in ruling on a motion for mistrial. *State v. Jones*, 325 S.C. 310, 316, 479 S.E. 2d 517, 520 (Ct. App. 1996); *State v. Ferguson*, 376 S.C. 615, 618, 658 S.E. 2d 101, 103 (2008). The evidence in the case at bar supports the trial court's finding that the pathologist's testimony did not warrant a mistrial. The pathologist defined "homicide" as a medical term and did not attempt to identify anyone as the "somebody else" who caused the death or use any language suggesting a level of scienter on the part of the "somebody else". No further testimony regarding homicide was presented, and the autopsy report itself was not introduced into evidence. The jury was aware that the victim died as a result of injuries she sustained after exiting the petitioner's vehicle, but they knew that he was charged only with kidnapping and not murder. (App. P. 20-27).

The state court decision was not "contrary to" or involving "an unreasonable application of" clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The Court has reviewed the Petition, Report and Recommendation by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the Magistrate Judge and this Court's review of the record, the Court overrules the petitioner's

objections, adopts the Report of the Magistrate Judge, and incorporates it into this Order by reference.

The respondent's motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

                                                            s/ R. Bryan Harwell
                                                            R. Bryan Harwell
                                                            United States District Judge

February 25, 2011
Florence, South Carolina